UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| PRODIGY FINANCE CM2021-1 DAC, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:25-CV-01445-TDC |
| FOSTER ADADE | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This is a case concerning a graduate student's failure to make payments on a loan and the subsequent arbitration award. Plaintiff Prodigy Finance CM2021-1 DAC brings this suit seeking to confirm an arbitration award against Mr. Foster Adade. Defendant has not appeared, and pending before the Court is Plaintiff Prodigy Finance CM2021-1 DAC's Motion for Default Judgement. ECF No. 15. For the following reasons, the Court shall recommend that the Motion be granted.

## BACKGROUND

Plaintiff Prodigy Finance CM2021-1 DAC ("Prodigy") is a special purpose vehicle limited by shares, incorporated and registered in Ireland.[1] ECF No. 1, at 1. According to the Complaint, Defendant Foster Adade is a resident and citizen of Maryland. ECF No. 1, at 1. On October 10, 2019, Prodigy Finance Limited, Plaintiff's predecessor-in-interest, and Defendant entered into a

---

[1] This Court has described a "special purpose vehicle [as] a business entity that is exclusively a repository for the loans; it does not have any employees, offices, or assets other than the loans it purchases." *Bowman v. Select Portfolio Servicing, Inc.*, 704 F.Supp.3d 633, 646 (D. Md. 2023) (internal citations and quotation marks omitted).

loan agreement ("Agreement").  ECF No. 1, at 2.  Under the Agreement, Plaintiff loaned Defendant a principal sum of $25,600.00.  ECF No. 1-3, at 2.

The Agreement allows Prodigy Finance Limited to assign the contract to Plaintiff.  ECF No. 1-3, at 11.  On October 19, 2018, Prodigy Finance Limited assigned all its legal and beneficial rights under the Agreement to Prodigy.  ECF No. 1-5, at 4.  Per the Agreement, Prodigy could unilaterally vary the terms of the contract for objectively justified business reasons.  ECF No. 1-3, at 11.  On October 31, 2019, Prodigy gave Defendant notice that variations to the loan Agreement would be effective on November 30, 2019.  ECF No. 1-6, at 2.  The updated loan Agreement states that any dispute between the parties with the amount in controversy ranging from £5,000.00 to £200,000.00 (or the foreign currency equivalent thereof) shall be referred to the Chartered Institute of Arbitrators ("CIArb") for resolution.  ECF No. 1-6, at 9-10.

On November 28, 2020, Defendant's first repayment was due, but Defendant did not make a repayment to Plaintiff.  ECF No. 1-8, at 2, 4.  On March 10, 2022, after continuously failing to pay the monthly repayment amount, Defendant defaulted on the Agreement.  ECF No. 1-13, at 2.  Prodigy served Defendant with a Notice of Default stating that he was in arrears in the sum of $3,141.49, the total missed payments between November 28, 2020 and March 31, 2022.  *Id.*  On April 14, 2022, Plaintiff sent a Final Notice to Defendant stating that because Defendant failed to make repayments in accordance with the Agreement's terms, Plaintiff terminated the Agreement and the total balance of $34,410.61 (the principal amount of $25,600 plus interest) became due immediately.  ECF No. 1-14, at 2.

On February 1, 2024, Plaintiff applied to CIArb for the appointment of an arbitrator.  ECF No. 1-15.  Despite repeated attempts on the part of the Arbitrator to contact Defendant, Defendant did not participate in the arbitration process.  ECF No. 1-2, at 8-10.  On August 12, 2024, the

Arbitrator issued a Final Award ("Award") in favor of Plaintiff.  ECF No. 1-2.  The Award consisted of a principal amount of $34,410.61, interest on the principal amount from April 14, 2022 to August 12, 2024, in the amount of $6,553.5, interest accruing at a daily rate of $7.71 from August 12, 2024 until the date of actual payment, and the cost of arbitration proceedings in the amount of $3,865.19.  ECF No. 1-2, at 18; ECF No. 15-1, at 1.  Defendant did not make any payment on the August 12, 2024 Award.  ECF No. 1, at 6.

On May 5, 2025, Plaintiff filed a Complaint to enforce the Award.  ECF No. 1.  Per the Agreement, Plaintiff's counsel also requested attorney's fees and costs.  ECF No. 1-3, at 12.  The Court issued a summons to Mr. Adade on May 6, 2025.  ECF No. 6.  On May 14, 2025, Plaintiff filed an affidavit from the process server confirming that Mr. Adade was served on May 12, 2025.  ECF No. 9.  On June 20, 2025, the Court issued an Order to Plaintiff to file a Motion for Clerk's Entry of Default or show cause as to why such a motion would be inappropriate.  ECF No. 10.

On June 26, 2025, Plaintiff filed a Motion for Entry of Default by the Clerk of Court.  ECF No. 11.  The Clerk entered a Notice of Defendant's Default on July 9, 2025.  ECF No. 12.  On August 20, 2025, Plaintiff then filed the pending Motion for Entry of Default Judgement.  ECF No. 15.  Plaintiff requests that the Default Judgment be entered in favor of Plaintiff against Defendant in the amount of $56,900.16.  ECF No. 15-1, at 2.  Despite the entry of these documents, Defendant has not made an appearance, answered the Complaint, or otherwise taken any action in this case.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ.

P. 55(b)(1). The entry of default judgment is left to the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id*. (quoting *Lawbaugh*, 359 F.Supp.2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F.Supp.2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards the United States Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g.*, *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *2-3 (D. Md. Apr.

9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832, at *2-3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. 555). *See, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## ANALYSIS

The Court begins by addressing jurisdiction, then proceeds to assess liability and damages, ultimately recommending that the Court grant Plaintiff's Motion.

### I. Jurisdiction

Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The Court has jurisdiction over this action in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §§ 201–208, and 28 U.S.C. § 1331. Prodigy Finance has its principal place of business in Ireland. ECF No. 1, at 1. The United States and Ireland are both signatories of the New York Convention. *See* 21 U.S.T. 2517. "The United States

Court of Appeals for the Fourth Circuit has held that while the [New York] Convention confers subject matter jurisdiction over actions brought pursuant to [it], it does not confer personal jurisdiction when it would not otherwise exist." *Frontenac Int'l., S.A. v. Global Mktg. Sys.*, RDB-13-00122, 2013 WL 2896896 (D. Md. June 11, 2013) (quoting *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212 (4th Cir. 2002)). Here, the Court has personal jurisdiction over Defendant, as he is an individual residing in Maryland. ECF No. 1, at 1.

The Plaintiff has met the jurisdictional requirements identified in the FAA. 9 U.S.C. § 9. In the varied agreement, the parties agreed that any dispute between the parties with the amount in controversy ranging from £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) shall be referred to CIArb for resolution. ECF No. 1-6, at 9-10. The Arbitrator issued an Award in favor of Plaintiff on August 12, 2024. ECF No. 1-2, at 18-19. Plaintiff sought relief in this Court on May 5, 2025, well within the one-year period that the FAA requires. ECF No. 1.

## II. Liability

The FAA "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 178 (2019). Where a plaintiff seeks default judgment of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012).

This Court has repeatedly held that a motion for default judgment is the proper means to resolve a motion to confirm an arbitration award when the defendant has failed to respond. *See, e.g.*, *Certified Med. Waste, LLC v. Encompass IT Sec'y Sols., Inc.*, 8:22-cv-450-AAQ, 2023 WL 5721460 (D. Md. Sept. 5, 2023); *Raymond James & Assocs., Inc. v. Martin*, EHL-21-3096, 2022

WL 1104576 (D. Md. Apr. 13, 2022); *Choice Hotels Int'l, Inc. v. Sita Corp.*, GJH-20-189, 2021 WL 615078 (D. Md. Feb. 17, 2021); *Knightsbridge, LLC v. DKW Commcns, Inc.*, PX-19-2381, 2020 WL 1638407 (D. Md. Apr. 2, 2020); *Climbzone, LLC v. Washington*, GJH-18-2732, 2020 WL 674353 (D. Md. Feb. 10, 2020); *Choice Hotels Int'l, Inc. v. Joseph Group, LLC*, PWG-18-2596, 2019 WL 3020929 (D. Md. July 10, 2019); *Choice Hotels Int'l, Inc. v. Yoon*, TDC-18-2043, 2019 WL 979153 (D. Md. Feb. 27, 2019); *Young v. Brahmbatt*, PWG-15-3290, 2017 WL 2876476 (D. Md. July 6, 2017); *Choice Hotels Int'l, Inc. v. Walia*, TDC-16-2923, 2017 WL 395102 (D. Md. Jan. 27, 2017); *Choice Hotels Int'l, Inc. v. Mander*, GJH-14-3159, 2015 WL 1880277 (D. Md. Apr. 22, 2015); *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, DKC-11-2893, 2012 WL 5995248 (D. Md. Nov. 29, 2012).

Judicial review of an arbitration award is highly deferential. "[T]he scope of review of an arbitrator's valuation decision is among the narrowest known at law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Id.* Courts may vacate arbitration awards in limited situations enumerated in 9 U.S.C. § 10(a):

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Default judgement is appropriate in this case. Plaintiff has established the existence of a valid contract between the parties which Defendant breached. ECF No. 1, at 2-5. There is no indication that the grounds for vacatur of the Award have been met. There is no suggestion that the Arbitrator acted with manifest disregard of the law; nor is there any basis to question the validity of the parties' arbitration agreement. *Climbzone, LLC*, 2020 WL 674353, at *3. The parties agreed to the arbitration of their disputes as per the varied contract. ECF No. 1-6, at 2. The Award demonstrates that the Arbitrator made thorough efforts to communicate with Defendant, but Defendant failed to respond. ECF No. 1-2, at 8-10. Plaintiff filed its Complaint within a year of the Award being entered, and properly served Defendant. ECF No. 1; ECF No. 9. Despite Plaintiff's service of the Summons and Complaint on Defendant in May 2025 and the Clerk's Entry of Default in July 2025, Defendant has failed to participate in this action. The Court concludes that the Award should be confirmed and thus turns to determining the amount of damages to which Plaintiff is entitled.

### III.     Damages

Plaintiff requests that Default Judgment be entered in favor of Plaintiff against Defendant in the total amount of $56,900.16. ECF No. 15-1 at 2. This sum is derived from three sources. First, Plaintiff's request consists of $43,785.97, for the Award, pre-award interest, and interest from August 12 until the date of payment. ECF No. 15-1, at 1. Second, it includes $3,865.19 in arbitration costs. *Id.* Third, it includes $9,249.00 in attorney's fees. ECF No. 15-1, at 2; ECF No. 15-3.

Prodigy is entitled to all three of these items. These damages all appear in the Petition to Confirm as well as the Motion for Default Judgment, and all but the attorney's fees appear on the

face of the Award. ECF No. 1, at 6-7; ECF No. 15-1, at 1-2; ECF No. 1-3, at 12. Although not included in the Award, there is a provision for attorney's fees in the underlying Agreement. ECF No. 1-3, at 12. Further, Plaintiff's submissions to the Court support these damages. *Raymond James & Assocs., Inc.*, 2022 WL 1104576, at *7.

The Complaint contains a request for post-judgment interest, but the Motion for Default Judgment does not present such a request. ECF No. 1, at 7; ECF No. 15. Regardless, "the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law." *Jai Shree Navdurga*, LLC, 2012 WL 5995248, at *3 (citing 28 U.S.C. § 1961(a) "Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

### IV.    Conclusion

For the aforementioned reasons, it is recommended that Plaintiff's Motion for Default Judgment be granted in the amount of $56,900.16.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: September 17, 2025

                                                    /s/
                                           Ajmel A. Quereshi
                                           U.S. Magistrate Judge